UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Case No. 1:23-CR-229-JPB-RDC | |
| | ) | |
| CHARLES DUNN, | ) | |
| Defendant. | ) | |

**DEFENDANT'S PERFECTED[1] MOTION TO SUPPRESS EVIDENCE FROM THE MAY 4, 2021 SEARCH OF MR. DUNN'S RESIDENCE**

Mr. Dunn now moves this Court to suppress any and all evidence obtained as a result of the May 4, 2021 search of Mr. Dunn's residence. The 2021 search of his residence and his subsequent arrest were unlawful and all evidence subsequently obtained through the current investigation was fruit of that unlawful search, and should be suppressed. Therefore, he asks the Court to determine that 1) a Franks hearing should be held in connection with this warrant, 2) the 2021 search violated Mr. Dunn's Fourth Amendment rights such that no evidence related to this search should be admitted here, and 3) the use of information about the unlawful 2021 search and arrest tainted the federal wiretap applications so that their fruits should also be suppressed.

In support his motion, he shows the following:

---

[1]     This motion supersedes the document that was filed at docket 527 because a signed search warrant has now been provided. Docket 527 will be withdrawn.

1

Due to the prominence of the May 4, 2021 allegations in the wiretap applications, counsel requested a copy of the warrant from the May 4, 2021 search of Mr. Dunn's residence.  The government initially provided an unsigned and undated document.  The government has now provided the attached search warrant. Mr. Dunn asserts that the search warrant was not valid because it misled the magistrate about the role the FIT team played the money laundering activities at issue, it was not based on sufficient probable cause to search Mr. Dunn's residence, it showed no nexus between the crime alleged (money laundering) and the place to be searched, it is full of boilerplate, generic language, and it is overly broad and not particularized as to the items to be seized.

## I.    The state affidavit is misleading because it fails to mention the on-going effort by the "Financial Investigations Team" to launder money.

According to the affidavit, one day Mr. Dunn just called an undercover agent and told him he wanted to meet up to launder money. Although, in his wiretap affidavit, Agent Hernandez states that *two* money laundering transactions occurred between Mr. Dunn and the FIT team, the state affidavit only mentions the first. The affidavit states that Mr. Dunn delivered money to the undercover agent, but no one explains in what form the money was returned to Mr. Dunn or his conspirators. Apparently one money laundering transaction was completed with sufficient success to justify a second transaction months later. The state court affidavit fails to mention this fact. The state court affidavit also fails to mention that, according to Agent

Hernandez, the laundered funds was "funneled into undercover accounts for the purpose of furthering the money laundering investigation." WIREAFF-123MJ170-000145-46. The failure to include information about the wider DEA operation that resulted in tens of thousands or even hundreds of thousands of dollars going go the DEA slush fund was misleading to the court. No information has been provided to explain what happened to the money and how it was sufficiently laundered to convince Mr. Dunn to do a second transaction with agents.

Mr. Dunn asserts that the omission of this information was deliberately misleading to the issuing court. Had the court known that the money laundering transaction at issue was part of an on-going DEA operation, the court likely would have asked more questions before issuing the warrant.

Mr. Dunn requests a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) so that the affiant can be questioned about the decision to omit this information.

## II. The 2021 search warrant lacked sufficient probable cause; it showed no nexus between the crime alleged and the place to be searched; and it allowed for general rummaging through Mr. Dunn's possessions.

To justify a search, the circumstances must indicate why evidence of the alleged illegal activity will likely be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Therefore, an affidavit "must establish a nexus between the place to be searched and things to be seized, such that there is a substantial basis to

3

believe that the things to be seized will be found in the place searched." *Ellison v. Balinski*, 625 F.3d 953, 958 (6th Cir. 2010). "[T]he nexus between the objects to be seized and the premises searched can be established from the particular circumstances involved and need not rest on direct observation." *United States v. Lockett*, 674 F.2d 843, 846 (11th Cir. 1982). "[P]robable cause must exist when the magistrate judge issues the search warrant," *United States v. Santa*, 236 F.3d 662, 672 (11th Cir. 2000) (*quoting United States v. Harris*, 20 F.3d 445, 450 (11th Cir. 1994)), because a search cannot be made legal by the evidence that is discovered. *United States v. Di Re*, 332 U.S. 581, 595 (1948).

Although the affidavit states that the crime being investigated is money laundering, there is no information in the affidavit that ties Mr. Dunn's residence (the place to be searched) to the alleged crime of money laundering for the FIT team. The affidavit states that officers have seen Mr. Dunn meet with an unknown individual and "conduct hand to hand transactions," but the only actual evidence that Mr. Dunn was involved in money laundering was his meeting with the undercover officer, which did not occur at his residence.

Although the officer states that a K9 was deployed at Mr. Dunn's residence, no reports or other information has been provided to show how and when this search occurred and counsel has no way to verify that it occurred or that the K9 was properly trained.

4

### III.    The warrant was overly broad.

"The right to 'be secure in their persons, houses, papers, and effects' from intrusion and seizure by officers acting under the unbridled authority of a general warrant [was] [v]ivid in the memory of the newly independent Americans." *Stanford v. Texas,* 379 U.S. 476 (1965). Therefore, the Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing* the place to be searched, and the persons or *things to be seized.*" (emphasis added).

The warrant in this case was overbroad because it failed to limit the items to be seized to items related to the crime being investigated (money laundering). The warrant allowed officers to search not only Mr. Dunn's residence but also his car for, among other things, electronic devices, safes, firearms, surveillance equipment, and hard drives. This is true despite the fact that the only evidence of money laundering was the face-to-face meeting between Mr. Dunn and the FIT team that did not occur at his residence.

Perhaps anticipating that there may be an issue with the overly broad nature of the warrant, someone hand wrote a clarification on the first page of the warrant. This clarification does not solve the problem,

All evidence derived from this search should be suppressed.

**IV.    Mr. Dunn challenges all evidence obtained as a result of this warrant whether offered as direct evidence or as 404(b) evidence.**

Admission of evidence obtained in violation of a defendant's Fourth Amendment rights is barred by "[t]he 'exclusionary rule.'" *United States v. Taylor*, 935 F.3d 1279, 1288 (11th Cir. 2019), *cert. denied* , ___ U.S. ___, 140 S. Ct. 1548, 206 L.Ed.2d 384 (2020). In this Circuit, Rule 404(b) evidence is subject to the exclusionary rule. *United States v. Tercero, 859 Fed.Appx. 506 (11th Cir. 2021), citing United States v. Renteria*, 625 F.2d 1279, 1281-82 (5th Cir. 1980) (holding evidence of a prior offense admissible under the requirements of 404(b) "[u]nless barred by the Fourth Amendment," and remanding for district court to rule on defendant's Fourth Amendment claim).

Evidence seized by state officials in violation of the Fourth Amendment cannot be used in a federal prosecution. *Elkins v. United States,* 364 U.S. 206, 223, 80 S.Ct. 1437, 1447, 4 L.Ed.2d 1669 (1960); *United States v. Andrus,* 775 F.2d 825, 844 (7th Cir.1985). In *Elkins,* the Supreme Court held that when determining whether there has been an unreasonable search or seizure by state officers, a federal court must make an independent inquiry, whether or not there has been such an inquiry by a state court, and irrespective of how any such inquiry may have turned out. *Elkins,* 364 U.S. at 223–24, 80 S.Ct. at 1447.

In *United States v. Hill*, 898 F.2d 72, 74 (7th Cir. 1990), the Seventh Circuit held that the constitutionality of a search from a prior arrest must be determined

before admitting the fruits of that search against a defendant in a later trial under Rule 404(b). Notably, the Seventh Circuit concluded that an "independent finding concerning the constitutionality of the seizure" is required even if the same issue is currently being litigated in a state court. *Id.* at 74. Because the district court did not hold an evidentiary hearing, the Seventh Circuit remanded the case for a determination of whether the Rule 404(b) evidence was unconstitutionally obtained, and ordered a new trial if the search was found to have been unlawful. *See* id. at 76. The Tenth Circuit took a similar approach in a case also entitled *United States v. Hill*, 60 F.3d 672 (10th Cir. 1995), *cert. denied*, 516 U.S. 970, 116 S. Ct. 432, 133 L. Ed. 2d 347 (1995) (exclusionary rule applied to police officers' testimony that defendant possessed cocaine base during two prior unlawful arrests for which defendant was never charged); *see also United States v. Lego,* 855 F.2d 542, 544–46 (8th Cir.1988) (addressing merits of defendant's challenge to admissibility of a prior firearm possession *both* on grounds that it violated Rule 404(b)'s requirements and that it was obtained in violation of Fourth Amendment).

Whether the infraction ultimately led to a conviction is not the pertinent question when assessing the existence of probable cause. *See United States v. Redwood*, 2016 U.S. Dist. LEXIS 78388, 6-7, 2016 WL 3345546 (N.D. Ill. June 16, 2016) (St. Eve, J.) (state court's decision to dismiss a defendant's state charge was irrelevant to federal probable cause analysis); *United States v. Gilbert*, 942 F.2d

7

1537, 1541 (11th Cir. 1991) (federal court must conduct independent constitutional inquiry even when a warrant was defective under state law); *United States v. Fossler*, 597 F.2d 478, 481 (5th Cir. 1979) (district court must make independent inquiry even when state court has determined the arrest that led to the search was illegal). The court independently makes its own assessment of probable cause related to the 2021 arrest and search in this case.

**V.     Because the unlawful May 2021 search and arrest were used to justify the wiretaps in this case, all evidence obtained from the wiretaps should be suppressed.**

Although the applications for the wiretaps in this case state that the May 4, 2021 investigation and search are not being used as "probable cause" in this case, the 2021 allegations figure prominently in the wiretap affidavits. The allegations are clearly offered to support the agent's claim that Mr. Dunn's phones should be tapped. Because the unlawful search in May 2021 is used to justify the subsequent wiretap searches in this case, all evidence derived from those wiretaps should be suppressed. *See Wong Sun v. United States,* 371 U.S. 471 (1963).

**VI.    Conclusion**

It is possible the government intends to use the 2021 investigation, search, and arrest of Mr. Dunn as direct or 404(b) evidence. The government relied on this same evidence when it applied for the wiretaps at issue in this case. For these reasons, the Court must determine 1) if a *Franks* hearing should be held in connection with this

warrant, 2) if the 2021 search violated Mr. Dunn's Fourth Amendment rights such that no evidence related to this search should be admitted here, and 3) if the use of information about the unlawful 2021 search and arrest tainted the federal wiretap applications so that their fruits should also be suppressed.

Respectfully submitted this day 19th of August 2025.

Respectfully submitted,

*s/Saraliene S. Durrett*
SARALIENE S. DURRETT
1800 Peachtree Street
Suite 300
Atlanta, GA 30309
Counsel for Mr. Dunn