UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-CR-229-JPB-RDC |
| | ) | |
| CHARLES DUNN, | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM SHADY BROOK RESIDENCE[1]

Defendant Charles Dunn now files this motion to suppress any and all evidence seized from his residence on July 11, 2023.

In support whereof, he shows the following:

On July 11, 2023, at approximately 6:15am, agents from Atlanta-DEA and the Fayette County Sheriff's Office executed a federal search warrant and arrest warrant for DUNN at 100 Shady Brook Walk, Fayetteville, Georgia. SW-123 MC 1408-000001.  According to the search warrant return, agents located and seized, among other things, $120,251 in U.S. Currency, jewelry, various tools of the drug trade ( e.g., plastic wrap rolls believed to be utilized for kilogram quantities of narcotics, heat sealers, documents consistent with drug ledger prices, and money counters), approximately ½ kilograms of cocaine, several pounds of a green leafy substance consistent with marijuana, and numerous light-blue circular tablets with an "M" on the exterior, which was similar to Oxycodone tablets. SW-123 MC 1408-

---

[1]     This motion was previously filed at docket 558-2 and is filed now pursuant to docket 640.

000034; SW-123MC1242.  Throughout the residence agents also located and seized fourteen cellular phones, two laptops, and a hard drive.  SW-123 MC 1408-000034.

Mr. Dunn now moves to suppress any evidence seized as a result of the invalid search warrant.

## I.    The warrant affidavit lacked probable cause.

Mr. Dunn asserts that the evidence seized from his residence should be suppressed because agents lacked probable cause to search it.  The warrant application is based largely on agent summaries of wiretapped calls that were recorded over two specific and identified phone lines (TT3 and TT4) and conclusory statements by the agent.  Mr. Dunn asserts that the wiretaps were unlawfully obtained and any evidence obtained as a result of those wiretaps should be suppressed as fruit of the poisonous tree.  He asserts that, without the wiretap evidence, no probable cause exists to search the residence.

Further, agents failed to limit their search or to provide any nexus between the alleged crime and the place to be searched.  *See United States v. Jenkins,* 901 F.2d 1075, 1080–81 (11th Cir.1990) (Probable cause to search requires some nexus between the premises and the alleged crime).

## II.   The warrant was overly broad.

The warrant is also overly broad. The Fourth Amendment requires that a warrant particularly describe the place to be searched and the items or persons to be

seized. *Garrison*, 480 U.S. at 84, 107 S. Ct. at 1016. Exploratory rummaging is prohibited. *United States v. Wuagneux*, 683 F.2d 1343 (11th Cir. 1982). The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. *Stanford v. Texas*, 379 U.S. 476, 485 (1965). As to what is to be taken, nothing is left to the discretion of the officer executing the warrant *Id.* at 485. A warrant which fails to sufficiently particularize the place to be searched or the things to be seized is unconstitutionally over broad. *United States v. Travers*, 233 F.3d 1327, 1329 (11th Cir. 2000) (citation omitted).

Here, the warrant permitted the seizure of eleven broad categories of items that encompass pretty much any items that were in the house. This is exactly the type of general rummaging that the Fourth Amendment is aimed to prevent. Because the warrant made no attempt to limit the information that could be copied and reviewed, the warrant was overly broad.

Respectfully submitted this 21st day of August 2025.

Respectfully submitted,

*s/Saraliene S. Durrett*
SARALIENE S. DURRETT
GA Bar No. 837897

1800 Peachtree Street
Suite 300
Atlanta, GA 30309
(404) 433-0855
ssd@defendingatl.com

3