IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>JAMES VEREEN, A/K/A BONE | Criminal Action No.<br><br>1:23-cr-229-JPB-RDC-15 |

## Government's Opposition to Defendant Vereen's Motion to Remand Motion to Suppress Intercepted Communications

The United States of America, by Theodore S. Hertzberg, United States Attorney, and John T. DeGenova and Dwayne A. Brown Jr., Assistant United States Attorneys for the Northern District of Georgia, files this response in opposition to Defendant James Vereen's Motion to Remand Doc. 491 (Motion to Suppress Intercepted Communications) to the Magistrate Judge for Additional Briefing and Hearing. (Doc. 739).  Because the parties fully briefed the issue, the Magistrate Judge issued its Report and Recommendation (R&R), and the Defendant filed his Objections, the United States opposes this request to remand.

On June 4, 2024, the defendant James Vereen was charged in the First Superseding Indictment with a conspiracy to possess with intent to distribute controlled substances, a money laundering conspiracy, and possession with intent to distribute controlled substances. (Doc. 281).  In July 2024, the Defendant's former counsel entered appearances on his behalf.  (Doc. 371 and 372).  In November 2024, the Defendant's former counsel moved to suppress

1

intercepted communications—primarily challenging the sufficiency of probable cause to obtain Title III wire intercepts. (Doc. 491, the Motion to Suppress Intercepted Communications). In March 2025, the Government filed its response in opposition to the Defendant's Motion to Suppress Intercepted Communications. (Doc. 597). Afterwards, the Defendant filed a reply in support of his motion. (Doc. 605). After considering the briefings submitted by the parties, the Magistrate Judge issued an 18-page Non-Final Order Denying the Defendant's Motion. (Doc. 633).

In May 2025, the Defendant's current counsel entered an appearance on his behalf and replaced the former counsel. (Doc. 650). The deadline for filing objections to the R&R was extended to afford current counsel adequate time. (Doc. 647). Once the Defendant filed his Objections (Doc. 676), the R&R was submitted to the District Court in July 2025—along with the Defendant's Objections.

Current counsel was also granted additional time to file pretrial motions. (Docs. 666, 687). On August 26, 2025, the Defendant filed 11 pretrial motions, including the instant motion. (Docs. 730-739, 741). In particular, the instant motion seeks to remand the Motion to Suppress Intercepted Communications (Doc. 491) back to the Magistrate Judge. (Doc. 739). As of the date of this filing, the District Court has not ruled on the R&R (Doc. 633).

The Defendant seeks to remand his motion and related R&R back to the Magistrate Judge for more briefing and hearings. The primary reason the Defendant seeks to have the Motion to Suppress Intercepted Communications remanded to the Magistrate Judge is to "join, have benefit of, and participate in"

any evidentiary hearings related to his co-defendant's challenge to wire communications. (Doc. 739 at 3). But the Defendant has already filed a separate motion seeking to adopt the wiretap challenge by his co-defendant. (Doc. 736). Therefore, a remand is unnecessary here. Importantly, the Defendant's current counsel was granted additional time to file pretrial motions, and in fact filed almost a dozen motions. Had the Defendant, through current counsel, desired to file further challenges to intercepted communications, he was afforded the opportunity to do so.

The Defendant's motion to remand should be denied as it would unnecessarily complicate the process established for pretrial rulings. Instead of allowing the District Court an opportunity to review the R&R and rule on his objections, he seeks to remand the matter back to the Magistrate Judge to reargue his motion. Essentially, in response to an unfavorable ruling, the Defendant seeks another bite at the apple. As the Defendant has already moved to join his co-defendant's challenge to the wiretap, it is unclear from his motion to remand why additional briefing and argument is necessary for his own motion filed by prior counsel. Remanding this matter merely creates redundant briefing and sets a poor precedent.

The Defendant's current counsel is not without options or relief. He could file additional challenges to evidence, including the wiretap evidence, and could adopt motions filed by other co-defendants. Indeed, he has done both. In sum, the relief the Defendant seeks is neither necessary nor proper.

## Conclusion

For all the reasons stated above, the Government opposes the Defendant's Request to Remand Doc. 491 (Motion to Suppress Intercepted Communications) and respectfully requests the District Court rule on the R&R and Objections pending before this Court.

    Respectfully submitted,

    THEODORE S. HERTZBERG
       *United States Attorney*


/s/JOHN T. DEGENOVA
    *Assistant United States Attorney*
    Georgia Bar No. 940689
    John.DeGenova@usdoj.gov


/s/DWAYNE A. BROWN JR.
    *Assistant United States Attorney*
    Georgia Bar No. 509554
    Dwayne.brown@usdoj.gov